502     APPELLATE COURTS OF ILLINOIS.

Aurora, E. & C. R. Co. v. National Surety Co., 198 Ill. App. 502.

## Aurora, Elgin & Chicago Railroad Company for use of Rochester Bridge Company, Plaintiff in Error, v. National Surety Company, Defendant in Error.

### Gen. No. 21,841.

1. INDEMNITY, § 9*—*when indemnity bond not for benefit of third persons.* In action by the obligee of an indemnity bond against the surety for the use of a third person, the condition of the bond examined and the bond *held* not to be for the benefit of third persons.

2. PRINCIPAL AND SURETY, § 6*—*when obligation of surety strictly construed.* The obligation of a surety must be strictly construed and cannot be extended by implication or construction.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

EARL J. WALKER, for plaintiff in error; GEORGE W. HOLMAN, of counsel.

CHARLES H. BURRAS, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff, by this writ of error, seeks to reverse a judgment of *nil capiat* entered against it on a trial before the court without a jury.

This action is based upon an indemnity bond, in which W. A. Melcher was principal and the defendant was surety and the plaintiff railroad company was the obligee. The bond was given to indemnify the railroad company against loss and damage which it might suffer by the failure or default of Melcher in a certain contract which Melcher had entered into with the railroad company to build and construct a certain addition to its engine room at its Batavia power house. Melcher made a contract with the usee, Rochester

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bridge Company, to furnish certain materials to Melcher for the carrying out of his contract with the railroad company, which it did. Melcher owed the usee bridge company $2,943.41 for material furnished Melcher and used by him in building the addition to the railroad company's engine room, and failed to pay it. The theory of plaintiff's claim is that defendant was liable to pay Melcher's debt to the bridge company in virtue of the bond above recited.

The defense set up is: ''That the bond set up in the plaintiff's statement of claim was not a bond given for the benefit of persons furnishing labor and material to the principal herein, W. A. Melcher, in the construction of the work under the contract between said W. A. Melcher and the Aurora, Elgin and Chicago R. R. Co., but was written for the use and benefit of the obligee in said bond, to-wit: the Aurora, Elgin & Chicago R. R. Co.'' Our decision must rest upon the legal interpretation of the condition of the bond, the subject-matter of this suit. It is as follows:

''Now therefore, the condition of the above obligation is such that if the above bounden principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said principal kept, done and performed, at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named obligee, all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, then this obligation shall be void, otherwise to remain in full force and effect.''

At the close of plaintiff's case the court found the issues in favor of the defendant and entered judgment accordingly.

The bond under consideration was not made for the benefit of third parties and it cannot be so construed or held by any language used or condition to be found in it. It was strictly *inter* parties and was to indemnify

the railroad company for any loss or damage accruing to it from the breaching by Melcher of his contract with it. The liberal construction of the bond contended for by plaintiff would not result in so expanding the obligation as to include any claim of the bridge company against Melcher short of reading into the bond a covenant or condition which is not to be found in it. Parties make their own contracts and courts have no power to impose conditions not made by the parties themselves. If the plaintiff railroad company had desired to have subcontractors or others protected, it should have been so nominated in the bond. The bond in this record in no particular is comparable to bonds in which third persons were granted relief in the cases cited by counsel for plaintiff. This case is more akin in fact and principle to *Searles v. City of Flora,* 225 Ill. 167, and the ruling in that case governs this. The party indemnified was the railroad company, and for its loss or damage only can defendant be held liable under its bond. As the court said in the *Searles* case, *supra,* so say we here: "We think the evidence in this case clearly shows that the bond and contract were not entered into with the intention of securing third parties as to labor and material furnished in the completion of said contract, but they were entered into for the purpose of securing * * *" the Aurora, Elgin & Chicago Railroad Company, "and it alone, in this respect." Nothing whatever is said in the bond about paying third parties for material or anything else. It was made to indemnify the defendant railroad company and none other. We cannot extend the liability of defendant by construction. On the contrary, the obligation of a surety, which is the obligation of defendant, must be strictly construed, and it cannot be held under the terms of its undertaking by implication or construction. *City of Sterling v. Wolf,* 163 Ill. 467.

The judgment of the Municipal Court is affirmed.

*Affirmed.*