National Bank of La Crosse v. Erick G. Petterson, Adm'r, etc., et al.

1. MECHANIC'S LIENS—*Materials Furnished for Constructing Public Improvements—Notice to Officers.*—Any person furnishing material or labor to a contractor for public improvements is entitled to a lien on the money, bonds or warrants due or to become due such contractor for such improvement; provided, such person shall, before any payment or delivery of such bonds or warrants are made to such contractor, notify the officials of such municipality, whose duty it is to pay such contractor, of his claim in writing.

2. NOTICE—*To Officers of the Municipality—Duty to Withhold Sufficient Funds to Satisfy Such Liens.*—It is the duty of the officials of such municipality when so notified, to withhold a sufficient amount to pay such claim until it is admitted, or by law established, and thereupon to pay the amount to such person, and such payment is to be a credit on the contract price to be paid to such contractor.

**Petition for a Mechanic's Lien,** under section 24, Chap. 92, R. S. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

**Statement.**—Appellee filed a petition for a mechanic's lien under Section 24, Chapter 92, Rev. Stats., which is as follows :

" Any person who shall furnish material, apparatus, fixtures, machinery or labor to any contractor for a public improvement in this state shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement; provided, such person shall, before any payment or delivery thereof is made to such contractor, notify the officials of this state, county, township, city or municipality whose duty it is to pay such contractor, of his claim, by a written notice and the full particulars thereof. It shall be the duty of such officials so notified to withhold a sufficient amount to pay such claim until it is admitted, or by law established, and thereupon to pay the amount thereof to such person, and such payment shall be a credit on the contract price to be paid to such contractor. Any officer violating the duty hereby imposed upon him shall be liable on his official bond to the person serving such notice for the damages resulting from such violation, which

may be recovered in an action at law in any court of competent jurisdiction. There shall be no preference between the persons serving such notice, but all shall be paid *pro rata* in proportion to the amount due under their respective contracts."

April 30, 1897, John V. McAdam & Son entered into a contract with the city of Chicago for the improvement of what was designated in the contract as the Twenty-sixth System of Streets. About the same date McAdam & Son bought of August Erickson materials for use in carrying out this contract, and the same were so used. McAdam & Son thus became indebted to Erickson, as found in the decree, and failing to pay Erickson, December 7, 1897, gave written notice to the city comptroller and the commissioner of public works of the city, of his claim. This notice was given before the city had delivered to the contractors the bonds hereinafter mentioned, or had otherwise settled with them. In a like manner McAdam & Son became indebted to H. W. Valentine & Son for work done under the same contract with the city and pursued the same course as did McAdam & Son as to giving notice, etc. These notices remained on file in the comptroller's office after they were given.

McAdam & Son partially performed their contract; then assigned it and all their rights under it to William Carden, who completed the work. The assignment to Carden was subsequent to the giving of the notices, by Erickson and Valentine, to the city officials.

The improvement was to be paid for by special assessment, and this the city levied in five installments; and against the last four of these installments the city issued special assessment bonds. The city officials, by inadvertence or otherwise, delivered the bonds to the contractor in settlement of his claims under the contract. The contractor sold the bonds, and they being sold again, came into the hands of appellants, by whom they were bought in ignorance of the claims of Erickson and Valentine asserted in this suit. The court found for the petitioners and gave a mechanic's lien decree for the amount of their claims.

ORVILLE PECKHAM, attorney for appellant.

FRANCIS M. LOWES, attorney for appellee; WILBUR N. HORNER and FRED BENNETT, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Counsel for appellant call attention to the following excerpt from section 204 of Sutherland on Statutory Construction.

" When a statute creates a right and also provides the remedy, the latter is exclusive; it implies the negation of any other."

The section of the statute under consideration in this case is a part of a statutory enactment in respect to mechanics' liens. The statute gives liens and provides methods for the enforcement thereof. Section 24 provides for a lien on the " money bonds or warrant," " due or to become due " to any contractor for a public improvement; and makes it the duty of the officials whose duty it is to pay the contractor, having been notified of the lien, "to withhold a sufficient amount to pay such claim until it is admitted or by law established and thereupon to pay the amount thereof to such person " (lienor).

It is manifest that a person bringing himself within the laws of this statute can compel the city to pay him the amount which its officials (agents) are commanded to withhold and pay to him.

Having under the statute obtained a lien upon money, bonds or warrants due or to become due a contractor, and duly notified the proper officials of his claim, neither the city nor its officials can deprive him of his lien by transferring the subject thereof; nor can any action upon their or its part divest bonds or warrants of the lien which he has thereon. Spalding Lumber Co. v. Brown, 171 Ill. 487–493.

It is conceded that the special assessment bonds are not negotiable instruments. Such being the case appellee holds those it has, subject to the liens existing thereon when they were held by the city. Other sections of the act provide a remedy by proceedings in a court of chancery for

liens accruing under section 24, as well as other sections of the mechanics' lien act.

The remedy by suit against officials "violating the duty" imposed is cumulative, not exclusive of that provided by other portions of the statute. If section 24 were an act by itself, it might well be argued that the remedy therein provided was exclusive; a rule being that the provisions and objects of the particular enactment must be looked at in order to discover whether it was intended to confer a right which might be the subject of a common action, or to create a duty sanctioned only by a particular penalty; in which latter case the only remedy for breach of the duty would be by proceedings for the penalty. Vallance v. Falle, L. R. 13, Q. B. Div. 109; O'Flaherty v. McDonnell, 6 House of Lords Cases, 141.

The decree of the Circuit Court is affirmed.