AARON M. SEARLES *et al.*

*v.*

THE CITY OF FLORA.

*Opinion filed December 22, 1906—Rehearing denied Feb. 12, 1907.*

1. BONDS—*when bond and contract must be treated as one instrument.* A contract with a city whereby the contractor agrees "to furnish and pay for" all materials, engines, dynamos, etc., for the improvement of the city's electric light plant, and a bond (which identifies the contract and makes it a part of a bond) executed by the contractor to the city to secure performance of the contract, must be construed as one instrument.

2. SAME—*when city cannot sue on bond for benefit of third parties.* Where a contract for the remodeling of an electric light plant and a bond for securing performance of the contract run directly to the city, and there is nothing to show that they were made for the benefit of third parties, the city cannot, after the work is completed and the contractor paid, maintain an action on such bond for the benefit of third persons whom the contractor has failed to pay for engines and dynamos installed in the plant, even though the contractor agreed in his contract "to furnish and pay for" engines and dynamos.

3. SAME—*obligation of surety is strictly construed.* The obligation of a surety is strictly construed, and will not be extended, by implication, to conditions not clearly within the terms of the undertaking.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

On April 17, 1902, appellee, the city of Flora, for the use of A. L. Ide & Sons and the General Electric Company, began an action in debt in the circuit court of Cook county against the appellants, Aaron M. Searles and the National Surety Company. The evidence shows that on June 11, 1901, Aaron M. Searles submitted to the city council of the

city of Flora a proposition to re-build, improve and enlarge its electric light station and furnish certain engines and generators for the sum of $4000. On June 25, 1901, a contract was entered into in which the said Searles agreed that he would furnish and pay for all materials, engines, dynamos, connections, machinery, instruments, equipments and labor for said improvement in said electric light plant. The city agreed to pay Searles therefor $2000 upon the arrival of the said machinery and the balance upon the completion of the improvement. The said Searles was to furnish to the city a bond to secure the faithful performance of all the terms of the contract, and on June 28, 1901, he as principal and the National Surety Company as surety presented to the city a bond in the sum of $4000, conditioned as follows: "The condition of the obligation is such, that whereas the above bounden principal, A. M. Searles, has entered into a certain contract with the above named obligee, a copy of which contract is hereunto attached and hereby referred to and made a part hereof as fully and to the same extent as is copied at length herein: Now, therefore, if the above bounden principal shall well and truly keep, do and perform each and every, all and singular, the matters and things in said contract set forth and specified to be by said principal kept, done and performed, at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named obligee all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, then this obligation shall be null and void, otherwise to be and remain in full force and virtue."

After the execution of the bond and contract Searles purchased of A. L. Ide & Sons an engine for $1680 and of the General Electric Company two generators for $1730, as provided in the said agreement. He afterwards paid to the General Electric Company $1000. The engine and generators were installed in the electric light plant by

Searles, and upon their delivery the city paid him the sum of $2000 according to the terms of the contract. The work was subsequently completed and the city paid Searles the balance due him under the agreement, but he failed to pay A. L. Ide & Sons or the General Electric Company the amounts due them for the machinery so bought and delivered. To recover these amounts suit was commenced in the circuit court in the name of the city of Flora, for the use of Ide and the electric company, against Searles and the National Surety Company on said bond. The case was heard in the circuit court without a jury, and judgment entered in favor of the plaintiff in debt for $4000 and damages one dollar, the debt to be satisfied on payment of the damages. From this judgment an appeal was prosecuted to the Appellate Court for the First District, where the judgment of the circuit court was reversed and judgment entered *de novo* in favor of appellee for $4000 debt and $2126 damages, with costs of suit, the debt to be satisfied on the payment of damages. To reverse that judgment a further appeal has been prosecuted to this court.

GOODRICH, VINCENT & BRADLEY, (WARREN NICHOLS, of counsel,) for appellants.

GEORGE N. MORGAN & BRO., and JAMES S. CUMMINGS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is claimed on behalf of appellants that the bond was entered into for the sole use and benefit of the city of Flora, and that the surety company is therefore under no liability to any party other than the city. On the other hand, it is insisted by appellee that the bond and contract therein mentioned constitute one instrument, and that the persons furnishing material under the said contract to the contractor,

Searles, are entitled to recover for the same under the terms of the bond.

Undoubtedly, in the consideration of this issue the bond and contract must be considered as one instrument, and if the persons or corporations furnishing material for the improvement of said electric light plant are protected or secured under the condition of the bond and contract, then they are entitled to recover. Neither can it be seriously disputed that if a contract is made between two persons upon a valuable consideration, whereby a third person is to be paid money or receive some benefit, such third person may enforce the contract though not named therein. (*Bristow* v. *Lane,* 21 Ill. 194.; *Eddy* v. *Roberts,* 17 id. 505; *Snell* v. *Ives,* 85 id. 279.) But to entitle such third person to recover it is necessary that the bond or contract should have been entered into for his benefit, and if it appears from the terms used that the contract or bond was solely for the benefit of the parties thereto, third persons cannot recover under its provisions. The question here must therefore be whether, under the terms used in the bond and contract, considered as a single obligation, the plaintiff below was authorized to bring this suit for the use of other parties who furnished material.

The contract, by its terms, provided that Searles was to pay for all materials, engines, dynamos, connections, machinery, instruments, equipments and labor for said improvement. The bond, after reciting the terms of the contract, provided that the "above bounden" should well and truly keep, do and perform each and every, all and singular, the matters and things in said contract set forth and specified to be and by said principal kept, done and performed at the time and in the manner in said contract specified, and should pay to the obligee all losses and damage sustained by reason of the failure or default on the part of said principal. It will be observed that the bond, as well as the contract, runs directly to the city of Flora. There is nothing in any

of the terms used in either to indicate that it was intended to apply to or protect third persons. If the bond or contract by its terms had provided that it was given for the benefit of sub-contractors or material-men as well as the city of Flora there would be force in the contention of appellee. It is evident, however, that the purpose of its execution was to insure the completion of the work within the contracted period, free from liens of every kind. If the city had been required to pay any claims arising for materials furnished, by reason of a lien on the funds in its hands or for any other cause, then the surety company would be required to reimburse and save it harmless.

It must not be forgotten that the obligation of a surety must always be strictly construed. In *City of Sterling* v. *Wolf*, 163 Ill. 467, Michael Real entered into a contract with the city of Sterling and also gave a bond for the faithful performance of the contract. The city sued on the bond, and afterwards a breach was attempted to be assigned, claiming damages for the Evans & Howard Fire Brick Company for material furnished Real in the performance of his contract with the city. In that case we held that the undertaking of a surety must be strictly construed, and he cannot be held on the terms of his undertaking by implication or construction, and inasmuch as the contract in express terms did not bind Real to pay for the materials but simply provided that he was to furnish all labor, materials and tools necessary to execute the entire work, the bond in question did not cover the amount due the Evans company. In the case of *Spalding Lumber Co.* v. *Brown*, 171 Ill. 487, it was held that sureties on a contractor's bond given to a school board to secure a full performance of a contract to erect a school building and as protection against liens thereon are not liable to sub-contractors. In *Parker* v. *Jeffry*, 26 Ore. 186, Parker sued Robertson, Jeffry and Bays to recover on a bond executed by Jeffry and Bays. The contract provided that the contractors would pay all sums of

money due at the completion of the work, or thereafter to become due, for materials used in or labor performed on or in connection with said work. The bond provided that the contractor would well and faithfully perform all the covenants and conditions in said contract mentioned. Parker was a material-man. In the disposition of the case the court said: "To support the judgment of the court below the plaintiffs invoke the doctrine that if one person makes a promise to another for the benefit of a third, the latter may maintain an action upon it though the consideration did not move from him. * * * The doctrine, however, is not applicable to every contract made by one person with another from the performance of which a third person will derive a benefit, but is limited to contracts which have for their primary object and purpose the benefit of a third person and which were made for his direct benefit. (Citing authorities.) From these and other authorities which might be cited we take the rule to be, that to entitle a third person to recover upon a contract made by others there must not only be an intent to secure some benefit to such third person, but the contract must have been made and entered into directly and primarily for his benefit.".

We think the evidence in this case clearly shows that the bond and contract were not entered into with the intention of securing third parties as to labor and material furnished in the completion of said contract, but they were entered into for the purpose of securing the city of Flora, and it alone, in this respect. Nothing whatever is said in the contract or bond about paying third parties for material. The city did not even authorize Searles to buy anything on credit. Between the parties, and certainly as against the surety on the bond, the contract contemplated that Searles should pay for engines and generators upon delivery. He had no right to purchase these articles on credit. The facts as they appear from the evidence must be distinguished from cases in which the contract is for the benefit of third parties, as in

the cases cited on behalf of appellee. *City of St. Louis* v. *VanPhiel,* 133 Mo. 561, was a suit brought on a bond not unlike the one at bar, but which expressly provided that as soon as the contract was completed the contractors should pay to the principal parties all amounts due for labor and materials used and employed in the performance thereof. In the case of *Bristow* v. *Lane, supra,* Bristow and Newman by a written agreement bound themselves to compromise with the creditors of one Clampit and settle the claims held against him, which agreement was made upon condition that Clampit would convey to them certain real estate which he owned. It was there held that a third party could maintain an action on this promise because it was made for his benefit. In the case of *Snell* v. *Ives,* 85 Ill. 279, an agreement was made with a railroad company by which its property was sold and the purchaser agreed to assume and pay all its debts, and it was held that a creditor of the corporation could sue upon this agreement.

The ruling of the court, and the right to review the same here, were preserved by propositions of law held and refused by the trial court. The trial court held that the bond and contract in question were executed for the sole benefit of the city of Flora, and not for the benefit of the usees in this suit, and refused to hold certain propositions to the effect that the contract was for the benefit of said usees. In this ruling we think the court was correct and therein announced correct propositions of law.

The Appellate Court committed an error in reversing the judgment of the circuit court, and that judgment will be reversed and the judgment of the circuit court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*