DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1911.

Board of Education of the City of Chicago, for use of Chandler Lumber Company, Defendant in Error, v. Aetna Indemnity Company, Plaintiff in Error.

Board of Education of the City of Chicago, for use of Chandler Lumber Company, Defendant in Error, v. United Surety Company, Plaintiff in Error.

### Gen. Nos. 15,352 and 15,363.

### Consolidated for Hearing.

1. BONDS—*when enforced for benefit of subcontractor.* Notwithstanding the absence of a statute requiring a board of education to take a bond for the protection of subcontractors, if a bond be taken conditioned for the prompt payment of all claims for labor and material, it will be enforced for the benefit of a subcontractor.

2. BONDS—*what not defense to action upon.* In an action at law upon a bond it is no defense that the beneficial interest is in another or that the plaintiff when he recovers will be bound to account for the proceeds to another.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911.

**Statement by the Court.** In the Municipal Court the plaintiff recovered, in an action of the fourth class, a judgment against the Ætna Indemnity Company for

(319)

$18,900 debt and $721.25 damages and costs, and in another action of the same class, a judgment against the United Surety Company for $18,100 debt and $825 damages and costs. In both cases a jury was waived, and most of the facts stipulated. Each defendant sued out a writ of error and the cases have here been consolidated for hearing.

Viggo F. Olsen entered into two contracts in writing with the Board of Education of Chicago, each for the carpenter work of a school building. Each contract contains the provision that the party of the first part (Olsen) "shall promptly make payments to all persons supplying said party of the first part labor and materials in the prosecution of said work." Contemporaneous with the execution of said contracts Olsen gave a bond for one building in the penal sum of $18,900, with the Ætna Company as surety, and another bond for the other building in the penal sum of $18,100, with the United Surety Company as surety. These respective bonds recite the making of the contract between Olsen and the Board of Education, and make the contract and specifications a part of the bond. The condition of each bond is that, if Olsen shall perform his contract, etc., and, "shall promptly make payment to all persons supplying him with labor or materials in the prosecution of the work provided for in said contract," then the obligation to be void, otherwise to remain in full force and effect. The Chandler Lumber Company furnished lumber to Olsen, which was used by him in the construction of each of said school buildings, and Olsen was indebted to said Lumber Company for lumber furnished to him and used in the building specified in the bond of the Ætna Company in the sum of $721.25, and in the further sum of $825 for lumber used in the building specified in the bond of the United Surety Company.

FYFFE & ADCOCK, for Ætna Indemnity Co., plaintiff in error.

IRA C. WOOD, for United Surety Company, plaintiff in error; EDMUND D. ADCOCK and IRA C. WOOD, of counsel.

ADAMS & FROEHLICH, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

There is no statute requiring the Board of Education to take a bond from a contractor for work on a school building, conditioned to secure payment for labor or material furnished to such contractor. But the contracts between Olsen and the Board provide that he shall make prompt payment to all persons supplying him with labor or materials in the prosecution of the work called for by his contract. The condition of each of the bonds is that Olsen shall perform the contract, etc., and, "shall promptly make payment to all persons supplying him labor or materials in the prosecution of the work provided for in said contract." The real meaning of the parties is that the obligors contract to perform the condition of the bond under the conventional sanction of a penal sum. The claims of the Lumber Company are for lumber furnished to Olsen and used in the prosecution of the work provided for in his contracts with the Board of Education, and fall clearly within the very letter of the condition of the bonds. To hold the bonds in question valid and binding is only to compel the obligors to do the thing they bound themselves to do. The distinction between these cases and Spalding Lumber Co. v. Brown, 171 Ill. 487, and Searles v. City of Flora, 225 id. 167, is, that in those cases the bonds contained no condition that the obligors should pay for labor or materials furnished to the contractors, and in these cases the bonds contain such conditions.

We do not think that the contention, that because there was no statute requiring the Board of Education to take a bond for the protection of subcontractors, the

condition for their protection in the bonds in question cannot be enforced for the benefit of the Chandler Company, is tenable. City of St. Louis v. Von Phul, 133 Mo. 561; Knapp v. Swaney, 56 Mich. 345; Smith v. Bowman, 88 Pac. Rep. 687.

The instruments sued on being under seal, only the obligee can maintain an action at law on them; but it is no defense that the beneficial interest is in another, or that the plaintiff when it recovers will be bound to account for the proceeds to another.

We find no errors in the rulings of the court on questions of evidence nor on the propositions of law submitted by the respective parties.

The judgment in each case will be affirmed.

*Affirmed.*