## City of Herrin for use of John Bradbury and Frank Wilson, trading as Bradbury & Wilson, Appellees, v. Henry Stein, Sr. and Henry Stein, Jr., trading as Henry Stein & Son, et al. United States Fidelity & Guaranty Company, Appellant.

1. MUNICIPAL CORPORATIONS, § 400*—*when subcontractor may not recover on contractor's bond.* In an action on a bond brought in the name of a city for the benefit of a certain partnership, where it appeared that the bond was given to said city to insure the performance by the contractor of a contract to construct a city hall and lodge building, that the beneficial plaintiffs were subcontractors, and said city filed a written statement that the action was brought without its consent or authority, and requested its dismissal as far as it was concerned, *held* that as both the bond and contract ran directly to the city and nothing appeared by the terms of either to indicate that they were intended for the benefit of third parties, the plaintiffs, as subcontractors, had no right of recovery under the bond.

2. CONTRACTS, § 349*—*when third.party may not recover .under contract.* In order to entitle a party to recover under the rule of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

law that a third party may recover under a contract entered into between two other parties for his benefit, it is necessary that such contract should have been entered into for his benefit, and if it appears from the terms of the contract that the contract was solely for the benefit of the parties thereto, such third party cannot recover under its provisions.

3. MUNICIPAL CORPORATIONS, § 400*—*when declaration in action on contractor's bond is insufficient.* In an action on a bond brought in the name of a city for the benefit of a certain partnership, where it appeared that the bond' was given to said city to insure the performance by the contractor of a contract to construct a city hall and lodge building, that the beneficial plaintiffs were subcontractors, and said city had filed a written statement that the suit was brought without its consent or authority, and the declaration failed to allege that the city had been required to pay any claims for materials furnished by the beneficial plaintiffs, or for any other cause, *held* that such declaration did not state a cause of action, and the demurrer thereto should have been sustained.

Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

HOSEA V. FERRELL and SCHWARTZ & HAYS, for appellant.

JOHN M. HERBERT, L. R. STEWART, FRED G. BIERER and W. R. KEE, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of debt on a bond brought in the Circuit Court of Jackson county by the City of Herrin for the use of appellees, John Bradbury and Frank Wilson, partners, doing business as Bradbury & Wilson, against Henry Stein, Sr. and Henry Stein, Jr., partners, doing business as Henry Stein & Son,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and The United States Fidelity & Guaranty Company, a corporation. The original declaration was filed December 28, 1914, and a bond in the usual form of a bond for costs used by nonresident plaintiffs was filed and approved. On January 19, 1915, the City of Herrin filed a written statement that the suit was brought without its consent or authority and requested that it be dismissed so far as the city was concerned. At different times the declaration was amended, over the objection of appellant, adding other beneficial plaintiffs. To the original declaration the United States Fidelity & Guaranty Company filed its general and special demurrer, which was overruled by the court. The company elected to abide by its demurrer and judgment was entered against it in favor of the city for the use of the beneficial plaintiffs in the amount of $19,000, the debt to be satisfied on payment of the damages to the beneficial plaintiffs in the respective amounts mentioned in the last amended declaration, and the company has brought the record to this court for review by appeal.

On September 19, 1913, Henry Stein & Son entered into a written contract with the City of Herrin to build and furnish all material and labor necessary for the erection and completion of a brick and stone three-story city hall and lodge building for the city. Appellant became their surety to the city in the sum of $19,000 for the faithful performance of their contract. The suit was brought to recover the respective amounts due the beneficial plaintiffs, who were subcontractors, for materials furnished Stein & Son in the construction of the building. Counsel for appellant contends that the bond was required and entered into for the sole use and protection of the City of Herrin, and no other party, and that the surety is not liable thereunder to any other party. It is insisted in behalf of appellees that the beneficial plaintiffs, who

furnished materials under the contract to Stein & Son, the contractors, are entitled to recover for such materials under the terms of the bond and contract. In considering this case the bond and contract must be treated as one instrument. If therefore the subcontractors furnishing materials for the construction of the building are protected under the terms of the bond and contract, they are entitled to recover and the trial court was right in overruling the demurrer. On the other hand, if they are not so protected the demurrer should have been sustained. *Searles v. City of Flora,* 225 Ill. 167.

Appellees insist they are entitled to recover in this case under the well-established principle of law that a third party may recover on a contract entered into between two other parties for his benefit. But to entitle such third person to recover it is necessary that the contract should have been entered into for his benefit, and if it appears from the terms used that the contract was solely for the benefit of the parties thereto, third persons cannot recover under its provisions. *Searles v. City of Flora, supra.* As stated by the court in that case, so in this suit: ''The question here must therefore be whether, under the terms used in the bond and contract, considered as a single obligation, the plaintiff below was authorized to bring this suit for the use of other parties who furnished material.'' The contract provided that Stein & Son were ''to build and furnish all material and labor necessary for the erection and completion of a brick and stone three-story city hall and lodge building'' for the city and that they should ''give suitable bond in the sum of nineteen thousand ($19,000) dollars conditioned for the faithful compliance with the within contract, for the construction of the work on the lot mentioned in the contract, and shall duly and promptly pay and discharge all indebtedness that may be incurred by them

in carrying out said contract and completing the same free of all mechanics' liens and any indebtedness whatever.'' The bond contained the following provision:

''The condition of the above obligation is such that, whereas, the above bounden has entered into a certain contract with the City of Herrin, Illinois, bearing date the 19th day of September, A. D. 1913, which said contract is for the furnishing of all labor and material for the erection and completion of a brick and stone three-story city hall and lodge building in Herrin, Illinois, contract price $19,445.00, and hereby made a part of this bond by reference.

''Now, therefore, if the said Henry Stein & Son shall in all respects well and truly keep and perform the said contract on their part to be performed in strict accordance with the terms thereof, and in the time and manner therein prescribed, and further shall indemnify, keep and save harmless the said City of Herrin, against all claims, losses, demands, liabilities, suits, judgments, costs, damages and expenses, which may in any way be made, brought, sustained, or recovered against said city, in consequence of the awarding or execution of such contract, or the doing of the work or making of the improvement therein provided for, or which may in any wise result from carelessness or neglect of said Henry Stein & Son, or their agents, employees or workmen in any respect whatever, or may result on account of any infringement of any patent, by reason of any of the materials, machinery, devices or apparatus used or employed in the performance of said contract, or the work therein provided, and moreover, shall pay to said city any sum or sums of money determined by the City of Herrin council of said city to be due said city by reason of any failure or neglect in the performance of the requirements of said contract wherefore the said city council shall have elected to suspend the same, and shall pay the cost of making good defects, faults and imperfections appearing or existing in said work or improvement, then this obligation to be null and void, otherwise to remain in full force and effect.''

Both the bond and contract run directly to the city, and nothing appears by the terms of either to indicate that they were intended for the benefit of third parties. There is no allegation in the declaration that there was any breach of the bond so far as the city was concerned, and under the well-established principles of law in the consideration of demurrers to pleadings, it must be taken that there was therefore no breach of the bond as against the city. Contracts and bonds very similar to those here under consideration have been construed by the Supreme Court of this State, and the rule of construction so established must be our guide here. In *Searles v. City of Flora, supra,* the contract provides that the contractor shall "pay for all materials," etc., and the condition of the bond was that the contractor should "well and truly keep, do and perform each and every, all and singular, the matters and things in said contract set forth and specified to be by said principal kept, done and performed, at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named obligee all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal." In *City of Sterling v. Wolf,* 163 Ill. 467, the contractor agreed "to furnish all labor, materials and tools necessary to execute the entire work," and executed a bond for the faithful performance of his contract. In *Spaulding Lumber Co. v. Brown,* 171 Ill. 487, the bond requires that the contractor "shall duly perform said contract and all the covenants and agreements therein contained, and shall pay and discharge from said premises all liens for material, labor or otherwise, which may accrue on account of said building contract." In each of these cases the court held that subcontractors could not recover on the bond, there being no breach thereof as against the obligee named therein. A careful reading of the contract and bond

in this case does not disclose any terms or conditions therein evidencing any more intention on the part of the parties thereto that the same were intended for the benefit or protection of any persons not parties thereto, than do the terms and conditions of the contracts and bonds in the above cases. Under these authorities and in the absence of any allegation in the declaration that the city had been required to pay any claims for materials furnished by the beneficial plaintiffs or for any other cause, the declaration as finally amended did not state a cause of action and the demurrer thereto should have been sustained. The case of the *Board of Education v. Aetna Indemnity Co.,* 159 Ill. App. 319, cited by appellees as sustaining their position, is not in point in this case, for the reason the bond in that case expressly provided that the contractor should "promptly make payment to all persons supplying him with labor or materials in the prosecution of the work provided for in said contract." The fact that appellant is a paid surety does not justify this court in departing from the rule of construction adopted by the Supreme Court in such cases, as urged by counsel for appellees.

For the error in the trial court in overruling appellant's demurrer to the amended declaration, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*