FOURTH DISTRICT—JULY, 1922.        145

Petrea v. Bd. of Directors of School Dist. No. 134, 226 Ill. App. 145.

## D. S. Petrea et al., Appellants, v. Board of Directors of School District No. 134, Appellee.

PUBLIC CONTRACTS—*when school district paying for material cannot look to contractor's bondsmen.* A school board which has entered into a written contract for the construction of a schoolhouse, which provided that the contractor should provide all materials and perform all labor, cannot recover from the contractor and his bondsmen under a bond for the faithful performance of the contract as for a breach thereof, an amount paid directly to a material-man by the board for materials furnished the contractor, where there was no promise in the bond or the contract that the contractor would pay the materialmen for materials furnished for the building or that he would pay for the materials and there was a failure to procure a mechanics' lien.

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1922. Reversed. Opinion filed July 11, 1922.

WHAM & WHAM, for appellants.

NOLEMAN, SMITH & DALLSTREAM, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee employed appellant, D. S. Petrea, to build a schoolhouse for the district, and a written contract was entered into, by the terms of which the contractor agreed to provide all materials and perform all labor for the general contract, not including plumbing, heating and ventilating. Appellants executed a bond for $7,000 to secure the faithful performance of the contract. Appellee sued appellants in an action of debt for an alleged breach of the terms of the bond.

C. T. Wade was president of the school board and was engaged in the lumber business and from him Mr. Petrea purchased the lumber that was used in the erection of the schoolhouse. A dispute arose between

Mr. Wade and Mr. Petrea as to the amount due the former. The school board paid Mr. Wade the balance claimed by him, $1,084.14, and this suit was brought by appellee to recover that amount. The case was tried before a jury and a verdict and judgment rendered in favor of the appellee for the above amount.

At the close of appellee's evidence, and at the close of all the evidence, appellants requested the court to direct a verdict in their favor, but the motions were overruled and the instructions refused.

No promise is found in the bond or the contract that Mr. Petrea would pay the materialmen for materials furnished for the building, or that he would pay for the materials. In the absence of such a promise and a failure to procure a mechanic's lien, there can be no recovery and the peremptory instruction should have been given. Our recent opinion in *City of Herrin v. Stein*, 206 Ill. App. 339, is decisive of this case and is supported by *Searles v. City of Flora*, 225 Ill. 167; *Spalding Lumber Co. v. Brown*, 171 Ill. 487, and *City of Sterling v. Wolf*, 163 Ill. 468.

Counsel for appellee rely upon *Board of Education of Chicago v. Aetna Indemnity Co.*, 159 Ill. App. 319, and *Board of Education of Chicago v. Chicago Bonding & Surety Co.*, 218 Ill. App. 20, but as the promise which is lacking in the case at bar was present in those cases, they are not in point.

Under section 255 of the School Law [Cahill's Ill. St. ch. 122, ¶ 379], a member of a school board should not be interested in any contract of the board directly or indirectly, and it would be well for all such members to inform themselves of what the Supreme Court said on that subject in *School Directors v. Parks*, 85 Ill. 338. As appellee cannot recover under the law the judgment is reversed without remanding.

*Reversed.*