## Gladys R. Masters, Plaintiff in Error, v. Millard F. Dunlap, Defendant in Error.

### Gen. No. 7,500.

CONTRACTS—*when damages from breach not recoverable by third person incidentally benefited by contract.* No right to damages for breach of a leasing contract is alleged in a declaration in assumpsit by the wife of the deceased lessor against the lessee, where it is alleged that the agreement in question was entered into between the parties thereto as a means of paying the lessor's indebtedness and required the lessee to pay the taxes on the lands demised and all premiums upon life insurance policies then carried by the lessor, that thereafter plaintiff was married to the lessor who subsequently made her the beneficiary of certain insurance certificates carried by him at the time of the execution of the agreement and that the lessee failed to pay the premiums thereon and permitted the certificates to lapse to plaintiff's loss, where there is no allegation that the contract, which is pleaded in full, was intended for the benefit of plaintiff and its terms and the allegations of the declaration show it to have been made for the sole benefit of the lessor.

Error by plaintiff to the Circuit Court of Morgan county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed July 10, 1923.

WILLIAM N. HAIRGROVE, for plaintiff in error.

BELLATTI, BELLATTI & MORIARTY, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The appellant, Gladys R. Masters, sued the defend-

ant in error, Millard F. Dunlap, in assumpsit in the circuit court of Morgan county, to recover as beneficiary for the breach of a certain contract in writing, entered into between William R. T. Masters, now deceased, and the plaintiff in error, by the terms of which, Masters leased certain real estate situated in Morgan county to the appellee, and in consideration of such leasing it was agreed between said parties that the appellee was to have and to hold said premises from the 20th day of December, A. D. 1913, "until such time as out of the income derived therefrom the said indebtedness of the said William R. T. Masters to the bank of Dunlap Russell and Company and the Ayers National Bank shall be fully paid in manner hereinafter specified. And the said Millard F. Dunlap, in consideration of leasing premises as above described covenants and agrees to and with the said William R. T. Masters that he will farm said lands or cause the same to be farmed in as good and farmerlike manner during the continuance of this contract and lease, it being agreed that he, said Dunlap, may either cause said lands to be farmed as a whole upon such terms as to crop or cash rental as to him shall seem best, or that he may sublet the land as a whole or in parcels, and upon such terms and for such rental as to him may seem best. And the said Dunlap further covenants and agrees that out of the income and rentals to be by him derived and received from said lands, he will make the following payments and disbursements upon behalf of and for the benefit of the said William R. T. Masters: First. He will pay all the taxes assessed against said lands annually. Second. He will pay all premiums upon the life insurance policies now being carried by the said William R. T. Masters"; then there are six other specific directions in the contract referred to, with reference to other payments to be made by the appellee out of the balance of annual income and rentals derived by him from the

lands referred to. The declaration filed in the case, in which the appellant avers her right to recover, sets out the lease contract and alleges that the appellee went into possession, under the lease contract, of a large amount of real and personal property, and derived more than $25,000 in excess of an amount sufficient to pay the fixed charges in the contract specified; and that he continued in possession of the premises; and that the contract remained in full force and effect until January 29, 1920, when Masters died. It also alleges that at the time of signing the contract, Masters was "carrying large life insurance indemnity on his own life, payable, contingent on his death, and especially was he then carrying a certain benefit certificate in the 'Court of Honor' of Springfield, Illinois No. 16,304, in the sum of $2000.00 to be paid to the beneficiary, and also a benefit certificate, or insurance policy in the Loyal Americans of the Republic, No. 6567, a benefit association, in the like sum of $2000.00 upon the life of said Masters and payable at his death"; and "that on or about June 25, 1914, Masters was lawfully joined in marriage to the appellant," and so remained until his death. That on January 6, 1915, he had procured benefit certificate No. 6567, Series A, issued by the Loyal Americans of the Republic, to be reissued, making the appellant herein, his wife, the beneficiary therein; and that on March 18, 1915, he surrendered the certificate No. 16304 issued by the Court of Honor for cancellation, and requested a new benefit certificate, payable to the appellant; and that thereby the appellant, as wife, became and was the legal beneficiary of the death benefit, which might or would become due and payable by the death of Masters. The declaration also alleges, that the appellee did pay or cause to be paid the premiums on the insurance referred to for a considerable period of time, namely, on the benefit certificate of the Loyal Americans of the Republic to January 1, 1918, and on said Court of Honor certificate to December, 1915, and that

thereafter the appellee, without notice to or to the knowledge of the appellant failed and refused to pay the premiums on said insurance contract; and that by reason of his failure so to pay, the insurance lapsed, and all liability to the beneficiary thereunder ceased and was terminated; and that the insurance, having been terminated and lapsed by the default of the appellee, was not paid to the appellant as it should and otherwise would have been; and this, it is alleged, was a breach of the contract referred to between Masters and the appellee and which resulted in the loss to the appellant of the amounts payable under said benefit certificates, namely, the sum of $4,000. The appellee demurred to the declaration filed, the demurrer was sustained by the court, and judgment rendered on the demurrer. This appeal is prosecuted from the judgment.

It is contended by the appellant that the averments in the declaration are legally sufficient to show that she has a cause of action against the appellee, because of his failure to pay the premiums which became due from time to time on the life insurance certificates referred to, and because the contract between Masters, her deceased husband, and the appellee was made for her benefit, under the rule of law, which is well settled in this State, that when a contract is made between two persons upon a valuable consideration, whereby a third party is to be paid money or receive some benefit, such third person may enforce the contract though not named therein. *Searles v. City of Flora,* 225 Ill. 167. It must be pointed out, however, that the averments in the declaration, taken in connection with the terms of the contract as set out in the declaration, do not bring the case within the rule. Neither the contract, by its terms, nor the averments in the declaration show that the lease contract was made for the benefit of the appellant, or that she was to derive any benefit therefrom. In *Searles v. City of Flora, supra,*

the Supreme Court, in referring to the limitations of the rule, said: "The doctrine, however, is not applicable to every contract made by one person with another from the performance of which a third person will derive a benefit, but is limited to contracts which have for their primary object and purpose the benefit of a third person and which were made for his direct benefit. * * * We take the rule to be, that to entitle a third person to recover upon a contract made by others, there must not only be an intent to secure some benefit to such third person, but the contract must have been made and entered into directly and primarily for his benefit." The contract in question provides that the payments which the appellee is to make from the rents and income are to be made solely on behalf of and for the benefit of William R. T. Masters; and furthermore, the averments of the declaration show that appellant did not become the wife of Masters until June, 1914, almost a year after the lease contract had been made, and that the insurance certificates under which the appellant became a beneficiary did not come into existence until January and March, 1915, respectively, after the time the lease contract had been made. It is clear, therefore, that the contract was not entered into by the parties with any intention that the appellant should derive any benefit therefrom. The appellant's connection with the contract in question and its performance were merely incidental, and were brought about by her marriage to Masters subsequent to the time the contract was made. In *Crandall v. Payne*, 154 Ill. 627, it was said: "It would be going too far to hold that a mere stranger to the contract, who was to derive only an incidental benefit therefrom, might recover for a breach of said contract." For the reasons stated we are of opinion that the demurrer was properly sustained to the declaration and the judgment is affirmed.

*Affirmed.*