## PHILLIPS CO. v. CONSTITUTION INDEMNITY CO. OF PHILADELPHIA.

### No. 4989.

Circuit Court of Appeals, Seventh Circuit.

Dec. 19, 1933.

William T. Gill, of Milwaukee, Wis., for appellant.

Fletcher Lewis and Minier Sargent, both of Chicago, Ill. (James E. Coleman, of Milwaukee, Wis., of counsel), for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

Appellant brought this action to recover, as an alleged third party beneficiary, on a surety contract executed by appellee to George A. McKinlock. The conditions of the obligation, as far as they affect appellant, may be set forth haec verba:

"Now, if said Noel E. Durand and Frederick C. Foltz * * * shall * * * completely pay for said building according to all of the terms, conditions and requirements of said Lease * * * free * * * of * *. * all liens * * * arising from claims of * * * others * * * for material, * * * fixtures or equipment furnished or installments in * * * the erection * * * of said building, and shall indemnify * * * said George A. McKinlock * * * on account of any * * * claims * * * that may * * * arise against such property * * * in the manner as said Noel E. Durand and Frederick C. Foltz are by said lease obligated to do, then and in that event this obligation shall be void,

otherwise it shall remain in full force and effect.

"* * * Constitution Indemnity Company * * * hereby agrees that in the event of any default or failure on the part of said Noel E. Durand and Frederick C. Foltz, as aforesaid that it will make good such failure and/or default in the same manner as said Durand and Foltz are obligated by said Lease and hereby to do and perform.

"This Bond is executed, delivered and accepted on the express agreement of the parties hereto: * * *

"2. That in the event the principals fail to * * * completely pay for said building in the manner and within the time provided for in said lease, then and in that event the Surety shall and hereby agrees to forthwith make good such default and to * * * completely pay for said building in accordance with said Lease within a period of not exceeding three (3) months from and after the time when the Principals should have * *. * completely paid for the construction of said building."

Appellant was the contractor that installed, in the building erected by the principal or its assignee, and to secure the completion of which this surety contract was executed, a sprinkler system for which it was to be paid $45,950. In its complaint appellant alleged that it installed the system and was paid $9,190, and there remained unpaid $36,760 with interest.

Appellee demurred to the bill of complaint. The demurrer was sustained. Appellant elected to stand on its complaint, and a judgment dismissing the action followed. From such judgment, appellant appealed.

Two questions are presented. (a) Does the law of Illinois respecting the liability of a surety to third party beneficiaries govern this case, where the contract was made and was to be performed in Illinois? (b) If question (a) be answered in the affirmative, may appellant recover on the Illinois contract?

Notwithstanding the concession of counsel and various cases so holding, we entertain some doubt as to whether the Illinois state court decisions respecting the liability of a surety company to third party beneficiaries govern an action brought in the Federal court, which involves the effect of a contract provision of the character here under consideration.

Somewhat similar questions involving insurance law have arisen, and the decisions are quite uniform to the effect that the general and not the local law governs.[1]

The similarity of insurance and indemnity contracts is such as to invite the belief that like holdings might be expected in the latter class of cases. In view of the decisions [United States Fidelity & Guaranty Co. v. Vermont Marble Co. (C. C. A.) 16 F.(2d) 83; Federal Surety Co. v. City of Staunton (C. C. A.) 29 F.(2d) 9; Community Bldg. Co. v. Md. Casualty Co. (C. C. A.) 8 F.(2d) 678; Federal Surety Co. v. Minneapolis Steel & Mach. Co. (C. C. A.) 17 F.(2d) 242] and in view of the concession of counsel, we conclude, however, that the Illinois state court decisions respecting the rights of third party beneficiaries under indemnity contracts govern the disposition of this case.

Two decisions, Carson Pirie Scott & Co. v. Parrett, 346 Ill. 252, 178 N. E. 498, 503, 81 A. L. R. 1262, and Searles v. City of Flora, 225 Ill. 167, 80 N. E. 98, well state the law of Illinois. Appellant asserts that the rule in these decisions is in accord with the general law prevailing in most of the states on this subject. In support thereof, it calls attention to the following language:

"This contract comes within the definition of a donee beneficiary offered by the American Law Institute in its Re-statement of the Law of Contracts, section 133, where a third person is declared to become a donee beneficiary 'if it appears from the terms of the promise, in view of the surrounding circumstances, that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due, nor supposed or asserted to be due, from the promisee to the beneficiary.' By section 135 of this Re-statement the rule is offered as fol-

[1] Washburn & Moen Mfg. Co. v. Reliance Ins. Co., 179 U. S. 1, 21 S. Ct. 1, 45 L. Ed. 49; Equitable Life Assurance Soc. v. Brown, 213 U. S. 25, 29 S. Ct. 404, 53 L. Ed. 682; Carpenter v. Providence Wash. Ins. Co., 16 Pet. 495, 10 L. Ed. 1044; Niagara Fire Ins. Co. of N. Y. v Raleigh Hardware Co., 62 F.(2d) 705 (C. C. A. 4); Mutual Life Ins. Co. of N. Y. v. Conley, 55 F.(2d) 421 (D. C.); Ætna Life Ins. Co. v. Roewe, 38 F.(2d) 393 (C. C. A. 7); MacKelvie v. Mutual Ben. Life Ins. Co., 287 F. 660 (C. C. A. 2); Union Life Ins. Co. v. Riggs (C. C.) 123 F. 312; Kansas City Hydraulic Press Brick Co. v. Nat. Surety Co. (C. C.) 149 F. 507; Mutual Life Ins. Co. of N. Y. v. Lane (C. C.) 151 F. 276; Meigs v. London Assur. Co. (C. C.) 126 F. 781; Gordon v. Ware Nat. Bank of Ware, Mass. (C. C. A.) 132 F. 444, 67 L. R. A. 550; Ætna Life Ins. Co. v. Moore, 231 U. S. at page 559, 34 S. Ct. 186, 58 L. Ed. 356; Fountain & Herrington v. Mutual Life Ins. Co. (C. C. A.) 55 F.(2d) 120; Niagara Fire Ins. Co. v. Pospisil (C. C. A.) 52 F.(2d) 709, 79 A. L. R. 404; Odegard v. General Casualty & Surety Co. (C. C. A.) 44 F.(2d) 31.

lows: 'A gift promise in a contract creates a duty of the promisor to the donee beneficiary to perform the promise, and the duty can be enforced by the donee beneficiary for his own benefit. A gift promise also creates a duty of the promisor to the promisee to render the promised performance to the donee beneficiary.' This rule is supported by the decisions of this court above cited."

Justice Stone, in differentiating the facts appearing in the Searles Case from those appearing in the Carson Pirie Scott & Co. Case, said:

"There is but one question in the case, and that is whether appellee has a right to sue on the contract between Harrison and Wolford and Caldwell & Co. The rule is settled in this State that if a contract be entered into for a direct benefit of a third person not a party thereto, such third person may sue for breach thereof. The test is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. If direct he may sue on the contract; if incidental he has no right of recovery thereon. This rule has been announced without variation in numerous cases decided by this court. * * *

" * * * It seems clear, therefore, that the undertakings of Harrison and Wolford were not only to install furnishings of a certain character and certain amounts but to purchase them from the parties therein named and pay for them if the hotel company did not. The contract gave them no right to install furnishings purchased from any other source. This was an agreement to purchase certain goods from appellee and to pay for them if the hotel company did not. It is difficult to conceive of a contract more directly to the benefit of appellee third party."

Was the contract in the instant case one wherein "the benefit to the third person is direct to him" or is it "but an incidental benefit to him arising from the contract"? Appellant points to that part of the agreement which provides that the indemnitor "hereby agrees that in the event of any default or failure on the part of said Noel E. Durand and Frederick C. Foltz, as aforesaid that it will make good such failure and/or default in the same manner as said Durand and Foltz are obligated by said Lease and hereby to do or perform" and "that in the event the principals fail to * * * completely pay for said building in the manner and within the time provided for in said lease, then and in that event the Surety shall and hereby agrees to make good such default *and to* * * *

*completely pay for said building in accordance with said Lease*," as expressive of the intent to benefit the third party beneficiaries.

The issue is therefore narrowed down to this precise question: Does the language of the contract before us evidence an intention to include third parties within the scope of the surety's obligation? The question is so worded on the assumption that the Illinois decisions hold that materialmen can not recover unless such intention is present.[2]

█ The complaint here assailed might have contained an allegation of the obligor's intent. Instead it set forth the contract *haec verba* and thus restricted the evidence of such intent to the contract itself.

██ If the provision of the second obligation of the surety to "completely pay for said building in the manner and within the time provided for in said lease" does not indicate an intention to benefit the third party beneficiaries, we fail to find any sound reason for its insertion. The previous obligation whereby appellee "hereby agrees that in the event of any default or failure on the part of said Noel E. Durand and Frederick C. Foltz, as aforesaid that it will make good such failure and/or default in the same manner as said Durand and Foltz are obligated by said Lease" protected the principal beneficiary. The last-quoted provision was an additional obligation, as is evidenced by the word "and." It bound the obligor to do something more than the first obligation—viz., "to completely pay for said building." To whom could it make payment? Obviously, only to those who erected it, or who placed therein equipment such as was called for by plans and specifications. The Illinois decisions hold that if the contract itself evidences such intent, then no further allegations or proof of such intent are necessary. Board of Education v. Ætna Indemnity Co., 159 Ill. App. 319; Cherry v. Benson, 264 Ill. App. 199; Federal Surety Co. v. City of Staunton (C. C. A.) 29 F. (2d) 9.

It is argued by appellee that because the contract does not expressly provide for payment to *contractors or materialmen,* but merely says *"completely pay for said building,"* we are not justified in ascribing to the obligor an intent to pay third parties. It must be admitted that the language in this case, while

---

[2] Those interested in pursuing further a study of the holdings of the various courts on whether intent is the determinative factor fixing or avoiding liabilities and in ascertaining how intent is shown, see note to Johnson Electric Co. v. Columbia Casualty Co. (Fla.) 77 A. L. R. 21, and 38 Yale Law Journal 1, 3.

more express and explicit than was the contract in Searles v. City of Flora, 225 Ill. 167, 80 N. E. 98, is not as direct in the creation of an obligation to the third parties as was the contract under consideration in Carson Pirie Scott & Co. v. Parrett, 346 Ill. 252, 178 N. E. 498, 81 A. L. R. 1262. It is nearer in its language to Board of Education v. Ætna Indemnity Co., 159 Ill. App. 319; Federal Surety Co. v. City of Staunton (C. C. A.) 29 F.(2d) 9; and Cherry v. Benson, 264 Ill. App. 199; in all of which cases, the courts held the obligor's intent was manifested by its agreement. It is worthy of note that in the City of Staunton Case the obligation was not to the person, but was to "pay all debts."

If we were otherwise in doubt as to the effect of this contract, we would be under obligation to construe it against the obligor. People v. Merkle, 269 Ill. App. 449. It made its own contract. It used language which was in the form of two separate obligations which it now contends were merely two promises to do the same thing. The language used to express the second obligation preceded by the conjunctive word "and" invited the belief that third party beneficiaries would be protected by its terms. It should not under these circumstances be permitted to limit the meaning of the expression "completely pay for said building" so as to exclude payment to those who built the building.

The judgment is reversed with directions to overrule the demurrer.