PETER DOWIAT *et al.*

*v.*

THE PEOPLE, for use, etc.

*Opinion filed December 18, 1901.*

1. CONTRACTS—*effect must be given to intention even though violence is done to words.* If the intention of the parties to a written contract is sufficiently apparent, effect must be given to it though violence be done thereby to the words, for greater regard is to be had to the clear intent of the parties than to any particular words which may have been used.

2. BOND—*when a dram-shop keeper's bond is capable of enforcement.* A dram-shop keeper's bond, filed in attempted compliance with the statute but which is conditioned for the payment to all persons of all damages sustained by reason of his "obtaining a license, as aforesaid, for selling or giving away intoxicating liquors," is properly treated as being intended to create a liability for damages sustained by reason of the selling or giving away of liquors.

*Dowiat* v. *People,* 92 Ill. App. 433, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

GEORGE T. BUCKINGHAM, and O. M. JONES, for appellants.

PENWELL & LINDLEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of debt, brought on the following statutory bond:

"*Know all men by these presents,* That we, Peter Dowiat, James Gilmore and Austin Ellsworth, are held and firmly bound unto the People of the State of Illinois in the penal sum of $3000, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly, severally and firmly, by these presents.

"Signed by us and sealed with our seals this first day of November, A. D. 1899.

"Whereas, by the provisions of the ordinances of the village of Himrod, Illinois, regulating the sale of intoxicating, malt, vinous, mixed or fermented liquors, and by virtue of the statute in such cases made and provided, the said village of Himrod is about to grant a license to the above bounden Peter Dowiat to keep a dram-shop in the said village of Himrod, to retail intoxicating, malt, vinous, mixed or fermented liquors, in quantity less than one gallon.

"Now, therefore, the condition of the above obligation is such, that if the above bounden Peter Dowiat shall pay to all persons all damages that they may sustain, either in person or property or means of support, by reason of the above bounden Peter Dowiat obtaining a license, as aforesaid, for selling or giving away intoxicating liquors, then this obligation to be void, otherwise remain in full force and effect.

P. Dowiat,    [Seal.]

J. Gilmore,    [Seal.]

A. Ellsworth.    [Seal.]

(Filed January 5th.—M. J. Barger, Clerk.)"

Verdict and judgment were rendered in the circuit court of Vermilion county for the plaintiff for $3000 debt and $2500 damages, and the Appellate Court has affirmed the judgment.

The principal ground upon which a reversal of the judgment is urged is, that the bond does not conform to the statute, and that the sureties incurred no liability in signing it, or by any injury which may have been caused to the beneficial plaintiff, in person, property or means of support, by reason of the selling or giving away of intoxicating liquors by said Peter Dowiat, the licensee. It was shown that the bond was duly executed and filed, and that license to sell intoxicating liquors at retail in the village of Himrod,—or, in other words, to keep a dram-shop in said village,—was thereupon issued, and that Dowiat entered upon the business and opened and kept such dram-shop. The evidence also tended to prove, and the judgment of the Appellate Court finally establishes the fact, that Dowiat sold intoxicating liquors to Horace Richardson, the husband of the beneficial plain-

tiff, whereby he became intoxicated and was thrown from his wagon upon which he was riding, and was killed. In other words, all facts necessary to a recovery have been established, and the only questions raised here relate to the sufficiency of the bond, the rulings of the court upon the admission of evidence, and in instructing the jury.

Section 5 of chapter 43 of the Revised Statutes (title "Dram-shops," p. 699,) provides: "No person shall be licensed to keep a dram-shop, or to sell intoxicating liquors, by any county board, or the authorities of any city, town or village, unless he shall first give bond in the penal sum of $3000, payable to the People of the State of Illinois, with at least two good and sufficient sureties, freeholders of the county in which the license is to be granted, to be approved by the officer who may be authorized to issue the license, conditioned that he will pay to all persons all the damages they may sustain, either in person or property, or means of support, by reason of the person so obtaining a license selling or giving away intoxicating liquors. * * * Any bond taken pursuant to this section may be sued upon for the use of any person, or his legal representatives, who may be injured by reason of the selling or giving away any intoxicating liquor by the person so licensed, or by his agent or servant."

The point appellants make against the bond is, that it is conditioned to pay to all persons all damages that they may sustain, etc., by reason of Peter Dowiat's obtaining a license for selling or giving away intoxicating liquors, and not by reason of his selling or giving away intoxicating liquors. The condition, when considered alone, might be open to this construction, but from the reading of the entire bond it is clear that it was intended to be and is a bond given in pursuance of the statute mentioned. The words "obtaining a license," following "the above bounden Peter Dowiat," are also in the statute, but preceded by the word "so," which is

omitted in the bond. These words are merely descriptive of the person who obtains the license. In the statute they follow the word "person;" in the bond they follow the name, "Dowiat,"—that is, the person obtaining, or so obtaining, the license. They may be used parenthetically, as words of explanation or of identification of the person meant. This is evidently their meaning. The gist of this part of the condition is the selling or giving away intoxicating liquors, and not the obtaining of a license for the selling, etc., of such liquors. True, the word "for," preceding the word "selling," in the bond, should not have been inserted in the bond; but the bond being clear, as we read it, in connection with the statute, its insertion should not be allowed to defeat the clear object and purpose of the bond which the parties had in view in executing it. The statute makes no provision for a bond for the payment of damages sustained by reason of a person having obtained a license, but only by reason of the person (obtaining such a license) "selling or giving away intoxicating liquors."

While the obligations of sureties are *strictissimi juris*, they are bound by the obvious import and intent of their contracts. Contracts should be so construed as to give effect to the intention of the parties, and not to defeat it, and where that intention is sufficiently apparent, "effect must be given to it in that sense, though violence be done thereby to its words, for greater regard is to be had to the clear intent of the parties than to any particular words which may have been used in the expression of the intent." *Walker* v. *Douglas*, 70 Ill. 445; *Torrence* v. *Shedd*, 156 id. 194; 1 Beach on Contracts, secs. 707-709, 718; *Cooke* v. *Graham's Admrs.* 3 Cranch, 228.

We find no error in the rulings of the court in admitting or excluding evidence or in instructing the jury, and the judgment must be affirmed.        *Judgment affirmed.*