FRANK KOCH, Admr.

*v.*

ROBERT D. SHEPPARD.

*Opinion filed October 23, 1906.*

1. LIMITATIONS—*section 25 of the Limitation act applies only to involuntary non-suits.* Section 25 of the Limitation act, providing that if a plaintiff is non-suited and the time limited for bringing an action has expired during the pendency of the suit he may bring a new action within one year from the judgment of non-suit, applies only to involuntary non-suits. (*Holmes* v. *Chicago and Alton Railroad Co.* 94 Ill. 439, adhered to.)

2. SAME—*when a non-suit is voluntary.* A non-suit entered on the plaintiff's motion after the court has ruled that it must direct

a verdict for the defendant is a voluntary non-suit, notwithstanding plaintiff's motion is for an "involuntary non-suit," since his use of that term does not make the non-suit involuntary.

3. STARE DECISIS—*decision long followed will not be overruled.* A former decision that violates no positive rule of law and works no serious detriment to the public interest will not be overruled after the same has been followed for a long period of time, even though not consonant with all the authorities.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This action was commenced by appellant against appellee in the superior court of Cook county April 9, 1902. By the declaration negligence is averred on the part of the appellee on December 14, 1899, thereby causing the death of one John Koch. Appellee pleaded the Statute of Limitations. Appellant, in his second amended replication, averred that the cause of action accrued to plaintiff on December 14, 1899; that he filed in said court, in case No. 209,587, on June 29, 1901, the declaration setting out the said identical cause of action, and that the case proceeded to trial, and after all his proofs were in and he rested his case, the court ruled that no evidence had been produced upon which a verdict could be found by the jury, and that the court would have to direct a verdict in favor of the defendant, and thereupon the plaintiff prayed the court to enter and direct an involuntary non-suit, and the court entered an order to the effect that the plaintiff elects to take a non-suit in said cause, and thereafter it is considered by the court that defendant do have and recover of the plaintiff his costs and charges in this behalf expended to be paid in due course of administration, and that within one year after said non-suit the plaintiff filed his declaration herein for the same causes of action as in said former suit No. 209,587. A demurrer interposed by appellee to this replication was sustained by the court. The appellant

elected to stand by his replication, and judgment was rendered for appellee. Appeal was thereupon prayed to the Appellate Court for the First District, where the judgment of the lower court was sustained. The case was then brought by plaintiff, on appeal, to this court.

MATTHEW J. HUSS, for appellant.

A. W. BRICKWOOD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, who was the plaintiff below, urges that the trial court erred in sustaining the demurrer to the amended replication. At the time the first action was commenced the Statute of Limitations had not run, but when the declaration was filed in the second suit, now under consideration, the statute had run unless the non-suit under the first action was of such a nature as to bring the case within paragraph 25 of chapter 83 of the Revised Statutes of 1905, particularly that part which reads: "*or if the plaintiff be non-suited,* then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after." (Hurd's Stat. 1905, p. 1334.) This court has heretofore held that this section refers to involuntary non-suits, and not to voluntary non-suits. *Holmes* v. *Chicago and Alton Railroad Co.* 94 Ill. 439; *Gibbs* v. *Crane Elevator Co.* 180 id. 191; *Boyce* v. *Snow,* 187 id. 181.

Appellant contends that the definitions of voluntary and involuntary non-suits, as given in the *Holmes case, supra,* are not in accord with the authorities on that subject. The authorities themselves are not in entire harmony in their definitions of voluntary and involuntary non-suits. Coke, Blackstone, Chitty and Tidd differ on this question, and

while some statements of the court in the *Holmes case, supra,* as to when certain statutes on non-suits were first enacted in this State may be incorrect, nevertheless we are inclined to agree with the conclusion reached in that case. In any event, that decision has been generally followed by this court for more than a quarter of a century, and there appears no good reason why at this late date it should be altered. Stability and uniformity of decisions in judicial tribunals conduce so much to the welfare and happiness of the people, that when a question has once been settled and no positive rule of law has been violated or contravened and no serious detriment is likely to arise prejudicial to the public interest, such adjudication ought to stand. *Greenup* v. *Stoker,* 3 Gilm. 202; *Dickhut* v. *Durrell,* 11 Ill. 72; *Mc-Cormick* v. *Bauer,* 122 id. 573.

Appellant further contends that the non-suit taken in the first case was involuntary. Whatever confusion may be found in the definitions distinguishing voluntary from involuntary non-suits, the general view of this court is clearly expressed in the opinion in *Gibbs* v. *Crane Elevator Co. supra,* where a voluntary non-suit is defined as "one granted with the plaintiff's consent;" an involuntary non-suit, as "one allowed on the motion of the defendant and against the plaintiff's will." It is true, the record shows that appellant asked for an involuntary non-suit; but he could not make it such by the mere use of the term. The record shows that it was on his own motion that the non-suit was taken, the order of the trial court reading, "and thereupon the plaintiff elects to take a non-suit in said cause." On the record presented here it was clearly a voluntary non-suit.

The demurrer to the amended replication was properly sustained. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*