## Ida B. Seefeldt, Appellant, v. Klemens W. Wilgen, Appellee.

### Gen. No. 5,986.

Contracts, § 349*—*when obligee may not recover on promise to indemnify surety on appeal bond.* A written promise made by the officers of a corporation, to indemnify and to stand equally liable with the surety on an appeal bond in which the company was appellant,· is not a promise for the benefit of the appellee, on which he may recover when liability accrues in his favor on the bond.

Appeal from the Circuit Court of La Salle county; the Hon. Joe A. Davis, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 15, 1915.

Rector C. Hitt and Spencer Ward, for appellant.

Browne & Wiley, for appellee.

Mr. Presiding Justice Carnes delivered the opinion of the court.

Appellant, Ida B. Seefeldt, had a judgment in the Municipal Court of Chicago against Grant United Mines Company, a corporation, for $567.50 and costs of suit. The defendant corporation, to stay execution on the judgment pending trial on writ of error from the Appellate Court of the First District, filed a bond with one John Brasey a surety, in the penal sum of $750, conditioned that, "in case a writ of error to review said judgment shall be affirmed by said Appellate Court, the said Grant United Mines Company shall perform and comply with said judgment, and pay all money thereby required to be paid, and all costs which may be awarded the said Ida B. Seefeldt in said Appellate Court." The judgment was affirmed and liability accrued on the bond.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Brasey signed the bond at the request of appellee, Klemens W. Wilgen, president of the defendant corporation, which request was in the form of a letter signed by appellee as follows:

"WEDRON, ILL., Sept. 5, 1907.

MR. JOHN BRASEY,

DEAR SIR:—You sign the bond for the Grant United Mines Company in the appeal case of Mrs. Seefeldt and I will stand back of you with John Spindler and be equally responsible with you and him."

John Spindler referred to in the letter was the treasurer of the corporation. He wrote his name under the signature of Wilgen before Brasey signed the bond. Appellant brought this action of assumpsit against the signers of the letter, Wilgen and Spindler, on the theory that it amounted to a promise to Brasey for her benefit. Summons was returned "Not found" as to Spindler, and served on the appellee Wilgen, who appeared and plead the general issue. In the jury trial that followed, the court at the close of the plaintiff's evidence directed a verdict for the defendant and entered judgment thereon, from which judgment this appeal is prosecuted.

It was held in *Eddy v. Roberts*, 17 Ill. 505: "Where one enters into a simple contract with another, for the benefit of a third, such third person may maintain an action for breach, and such contract is not within the statute (of Frauds);" and said in *Bristow v. Lane*, 21 Ill. 194, on page 197: "In this country the right of a third party to bring an action on a promise made to another for his benefit, is generally asserted, and is the prevailing rule with us." The court discussing earlier cases and speaking of the liability of the grantee in a deed of real estate in which it is recited that he, the grantee, assumes and agrees to pay a mortgage incumbrance thereon, in *Webster v. Fleming*, 178 Ill. 140, said: "This court has uniformly held that the beneficiary may sue at law, which repudiates the doc-

trine of indemnity;" and in the same case said it has not been held "that the promise of the grantee to the mortgagor is a mere indemnity of the latter against the payment of the mortgage." While there is some conflict of authority in other jurisdictions, the law is well settled in this State as stated in the cases cited, as will be seen by reference to numerous cases cited in those opinions and later cases citing those cases. If the writing in question here is properly construed as a promise by appellee to Brasey for the benefit of appellant, she was entitled to recover; but if it should be construed as an agreement to indemnify Brasey from injury or loss in signing the bond, then it seems obvious that she could not recover. It will be noticed that the Supreme Court in expressions above quoted distinguished the obligations from contracts of indemnity. If the promise had been that appellee alone would indemnify or stand back of Brasey, if he would sign the bond, or that he and Spindler would do so, it would have been a plain ordinary contract of indemnity; and we do not see that the agreement of appellee to stand one-third of the loss, and of Spindler to stand another third, leaving Brasey to stand one-third himself, calls for a different application of the rule than in case of a contract of entire indemnity. To entitle appellant to recover, it must appear that the contract was entered into directly and primarily for her benefit. It is not every contract made by one person with another from the performance of which a third person will derive a benefit on which such third person may maintain an action, "there must not only be an intent to secure some benefit to such third person, but the contract must have been made and entered into directly and primarily for his benefit." *Searles v. City of Flora,* 225 Ill. 167.

We do not construe this contract as one for the benefit of appellant within the rule announced in the

Illinois cases, permitting a third person to sue on a contract made for his benefit. The case is like that of *Crandall v. Payne,* 154 Ill. 627, where it was held that a stranger to a contract, who is to derive only an incidental benefit therefrom, cannot recover for a breach thereof. It is true in this case, as in that, that any benefit to accrue to appellant from the contract was merely incidental; the purpose of the contract was not to benefit her but to benefit the parties thereto. The Supreme Court of New York in *Turk v. Ridge,* 41 N. Y. 201, had a somewhat similar contract under consideration and reached the same conclusion. In our opinion the court did not err in rendering judgment for the defendant, and as that is the only question presented, the judgment must be affirmed.

*Affirmed.*