Harold J. Kilburg and William C. Barteik, Trading as Kil-Bar Electric Company, Appellees, v. Petrolagar Laboratories, Inc., Appellant.

Gen. No. 38,062.

Heard in the first division of this court for the first district at the April term, 1935. Opinion filed June 17, 1935. Rehearing denied July 2, 1935.

ANDERSON & CLARKE, of Chicago, for appellant.

MOSES, KENNEDY, STEIN & BACHRACH, of Chicago, for appellees; HAMILTON MOSES and ARTHUR MAGID, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiffs brought an action against defendant to recover $6,280 claimed to be due them for labor and material furnished in and about the construction of a building for defendant. There was a verdict and judgment in plaintiffs' favor for the amount of their claim, and defendant appeals.

The record discloses that on April 1, 1931, defendant was desirous of constructing a factory building on a piece of real estate it was acquiring in Niles Center, a suburb of Chicago, and on that date entered into a written agreement for the construction of the building with the Regan Construction Company, a corporation, as general contractor for the erection of the factory building. The construction company was to be paid for its services the cost of labor and material plus 10 per cent. The contract further provided that the Regan Construction Company "is to sublet all contracts for all labor and material on the basis of the cost of labor and materials and a profit to the sub-contractor, except the contracts for masonry, brick work, concrete work and carpenter labor and lumber." All the subcontracts, together with the estimated cost of masonry, brick work, etc., were to be approved in writing by defendant before subcontracts were executed by the construction company. The contract further provided that defendant "will pay all bills and invoices for labor and material, as contracted, as and when the same become due and payable and will pay to the Regan Construction Company . . . as and for its services, a sum equivalent to ten (10%) per cent of the total cost and amount paid by them for labor and materials in the construction of said premises, together with ten (10%) per cent on the total amounts paid on said subcontracts, said compensation of ten (10%) per cent to be paid to the Regan Construction Company."

Shortly thereafter the construction of the factory was commenced, and about a month thereafter, May 15, 1931, the Regan Construction Company entered into a written agreement with plaintiffs whereby plaintiffs were to install the electrical work in the building for a consideration of $11,445. At that time it was understood by all parties that plaintiffs would be required to furnish other labor and material as the building progressed, the nature and extent of which could not then be definitely stated, and that orders would be given to plaintiffs from time to time in this respect. Plaintiffs commenced the work of installing the electrical equipment mentioned in the written contract on May 15th, and other work for which orders from time to time were given by the Regan Construction Company and approved by defendant. Plaintiffs billed the Regan Construction Company for the work as it progressed; the Regan Company presented plaintiffs' bills, together with other subcontractors' bills, to the defendant and they were paid by defendant to the Regan Construction Company, and in turn the Regan Construction Company paid plaintiffs, the total payment being more than $40,000.

There seems to be no dispute but that there is still due and owing to plaintiffs $6,280, the amount for which they sue, but defendant contends that its obligation is to the Regan Construction Company, the general contractor, and not to plaintiffs, who are subcontractors under the Regan Construction Company.

Plaintiffs contend that they furnished the labor and material on direct orders of defendant; that the labor and services went into defendant's building, and therefore, under the common counts which were a part of its declaration, it became liable to pay plaintiffs the fair and reasonable value of the labor and materials furnished. In support of this the argument seems to be that although some of the orders were given by the

Regan Construction Company to plaintiffs, the construction company was acting as defendant's agent, and that some of the orders were given plaintiffs by defendant direct.

The evidence shows that the building was almost completed about January 1, 1932, and some months thereafter there was a new arrangement between the parties, whereby plaintiffs were to bill the defendant direct and not to bill the Regan Company, as had theretofore been done. But the undisputed evidence is that all the bills that plaintiffs billed direct to defendant have been paid. We think it clear that the Regan Construction Company, in giving orders to plaintiffs, was not defendant's agent, but was a general contractor and that plaintiffs were subcontractors. This is the substance of all the evidence. The contract entered into between defendant and the Regan Company expressly states that the Regan Company is to sublet all the work except masonry, brick work, etc., and that it is to be paid for its services 10 per cent of the cost of the work done by the subcontractors. The contract is unambiguous in this respect, and the oral orders given to plaintiffs from time to time as the work progressed were orders given by the Regan Construction Company and approved by defendant.

The defendant in its brief assigns cross error in which it contends that the contract between defendant and the Regan Construction Company contained an express promise by defendant to pay all bills for labor and material furnished; that plaintiffs were third parties and beneficiaries of that promise and the trial court erred in holding to the contrary. Plaintiffs have moved to strike this cross error and the motion was reserved to the hearing. The motion must be denied. Plaintiffs, having prevailed in the trial court, could not have appealed or sued out a writ of error under the old practice, but they may assign cross errors in their briefs. Supreme Court Rule 39. *McNulty v. Hotel Sherman*

*Co.,* 280 Ill. App. 325. But while the plaintiffs may argue their cross error, we think it is without merit. The facts in the instant case do not bring plaintiffs within the rule, as they contend. The written and oral contracts in the instant case were not entered into for the direct benefit of plaintiffs (a third party), but the benefit to them is merely incidental and they have no right to recover under the contract. *Carson Pirie Scott & Co. v. Parrett,* 346 Ill. 252.

Under the evidence in this case the judgment for the plaintiffs cannot stand, and it is reversed and the cause remanded.

*Judgment reversed and cause remanded.*
McSurely and Matchett, JJ., concur.