## SACHS et al. v. OHIO NAT. LIFE INS. CO.
### No. 3767.

District Court, N. D. Illinois, E. D.

April 27, 1942.

Eiseman & Lewis and Sidney W. Mandel, all of Chicago, Ill., for plaintiffs.

Seyfarth & Atwood, of Chicago, Ill., for defendant.

WOODWARD, District Judge.

The question presented by defendant's motion for a summary judgment is whether or not plaintiffs' suit is barred by the statute of limitations.

From the pleadings and the affidavits the following facts appear:

On July 6, 1931, the plaintiffs, as creditors of the Roseland State Bank, an Illinois banking corporation, filed suit in the Circuit Court of Cook County, Illinois, to enforce the superadded liability of stockholders. On June 30, 1934 the Circuit Court of Cook County entered a final decree, without reservation of jurisdiction to bring in new or additional parties. The defendant in this suit—Ohio National Life Insurance Company—was not a party to

the original suit and was not bound by the decree of June 30, 1934. Thereafter and on July 3, 1935 the plaintiffs filed, in the Circuit Court of Cook County, an amended and supplemental complaint in which the defendant in this suit was first made a party defendant in the state suit. The defendant in this suit then removed the cause to this Court. After removal to this Court, the defendant—Ohio National Life Insurance Company—which is also the defendant in this suit, filed an amendment to its answer and averred that upon the entry of the final decree in the State Court, the Court lost all jurisdiction of the subject matter of the action and had no power to proceed further, there being no jurisdiction reserved to make additional parties defendant. The cause came on for trial in this Court on the issue of the jurisdiction of the court as to the subject matter. On November 14, 1941, this Court dismissed the cause for want of power or jurisdiction over the subject matter.

This judgment was in full force and effect on January 3, 1942 when the present suit was commenced.

The complaint in the present suit, after reviewing the history of the prior litigation, avers: "Plaintiffs here allege and make a part of this, their complaint, all of the matters and things alleged, set forth and contained" in the amended and supplemental complaint filed in the State Court on July 3, 1935. A copy of such Amended and Supplemental complaint is attached to and made a part of the complaint. The defendant's answer, among other things, invokes the Illinois Statute of Limitations.

Under the pleadings the cause of action, if any, accrued on July 6, 1931. This suit, as stated, was filed on January 3, 1942, more than ten years after the cause of action accrued.

■ The state statute of limitations governs actions in the federal courts.

The defendant invokes both the five and ten year statutes of limitations, as follows:

"Actions on unwritten contracts, expressed or implied * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." (Chap. 83, Sec. 16, Ill.Rev.Statutes of 1939.)

"Actions on * * * written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued; * * *." (Chap. 83, Sec. 17, Ill.Rev. Statutes of 1939.)

In reply, plaintiffs invoke Section 24a of the Illinois Statute of Limitations reading as follows: "In any of the actions specified in any of the sections of this act * * * if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff * * * may commence a new action within one year after such judgment * * * given against the plaintiff, and not after." Par. 24a, Ch. 83, Ill.Rev.St., State Bar Association Edition.

The ten year statute of limitations barred the bringing of this suit during the pendency of the prior action. The question is, Is Section 24a applicable? Stated in another way, Was the dismissal of the prior suit for want of jurisdiction of the subject matter a non-suit within the meaning of Section 24a?

■ The applicability and construction of the term "non-suit", as used in Section 24a, must be determined by reference to the decisions of the courts of Illinois— Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The term "non-suit", as used in Section 24a, has been construed and applied by the Illinois courts. One of the earliest expositions of the term "non-suit" is found in the case of Herring v. Poritz, 6 Ill.App. 208, decided in 1880. The Court held that the term "non-suit", as used in the statute, was a technical term and must be given its common-law meaning. The Court also held that the term "non-suit" applied only to what was known as an involuntary non-suit at common law and stated: "An involuntary nonsuit takes place when the plaintiff, on being called when his cause is before the court for trial, neglects to appear, or when he has given no evidence on which a jury may find a verdict." 6 Ill.App. at pages 211, 212.

This interpretation of the term has never been reversed or deviated from by the Illinois courts. Many subsequent decisions of the Appellate and Supreme Courts of

Illinois follow and affirm the interpretation of the term "non-suited", as made in the Herring case, supra. Without referring to the Herring case, supra, the Supreme Court of Illinois, in the case of Holmes v. Chicago & A. R. Co., 1880, 94 Ill. 439, arrived at a like conclusion. The Herring case, supra, was referred to and quoted with approval in the case of Boyce v. Snow, 1900, 187 Ill. 181, 185, 58 N.E. 403. Other Illinois cases to the like effect are Sehnert v. Schepper & Block, 168 Ill.App. 245; Goodpaster v. Chicago, Milwaukee & G. R. Co., 240 Ill.App. 267; Gibbs v. Crane Elevator Co., 180 Ill. 191, 54 N.E. 200; Koch v. Sheppard, 223 Ill. 172, 79 N.E. 52, 53. The Illinois courts have consistently adhered to their earlier decisions. In Koch v. Sheppard, supra, the court was strongly urged to change its interpretation of the term "non-suited", but declined to do so, stating: "Appellant contends that the definitions of voluntary and involuntary nonsuits, as given in the Holmes case, supra, are not in accord with the authorities on that subject. The authorities themselves are not in entire harmony in their definitions of voluntary and involuntary nonsuits. Coke, Blackstone, Chitty, and Tidd, differ on this question, and while some statements of the court in the Holmes case, supra, as to when certain statutes on nonsuits were first enacted in this state may be incorrect, nevertheless we are inclined to agree with the conclusion reached in that case. In any event, that decision has been generally followed by this court for more than a quarter of a century, and there appears no good reason why at this late date it should be altered. Stability and uniformity of decisions in judicial tribunals conduce so much to the welfare and happiness of the people, that when a question has once been settled and no positive rule of law has been violated or contravened and no serious detriment is likely to arise prejudicial to the public interest, such adjudication ought to stand."

In no technical sense, as construed by the Illinois courts, did the plaintiffs suffer an involuntary non-suit when this court dismissed the former cause for want of jurisdiction of the subject matter. The dismissal was not because plaintiffs defaulted or failed to appear for trial or because they failed to produce sufficient evidence to support a verdict in their favor. The suit was dismissed for want of power on the part of the Court to proceed. The complaint in the prior action was a nullity and was ineffective for any purpose.

 The Court holds that the dismissal of the prior suit for want of jurisdiction of the subject matter was not a "non-suit" within the meaning of section 24a of the Limitations Act of Illinois, as construed by the Illinois Courts. This conclusion disposes of the case. An order may be entered sustaining the motion of the defendant for a summary judgment in its favor and against the plaintiffs for costs of suit.