Robert L. Berner Company, Appellee, v. National Fire Insurance Company of Hartford, Appellant.

Gen. No. 44,000.

Opinion filed April 21, 1947.   Released for publication May 5, 1947.

QUERREY & HARROW, of Chicago, for appellant; JOHN KENNEDY and JOSEPH HARROW, both of Chicago, of counsel.

HARRY G. FINS, of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a judgment against it entered on an insurance policy issued to one Thomas Bekiaris, hereafter called the insured.  No question of fact is involved.

The original policy insured lawful goods and merchandise consisting of wholesale produce, the property of the insured or sold by them in course of delivery

while in the custody of the insured and actually in transit, and only while contained in or on certain motor trucks owned or operated by the insured. The insurance was against loss or damage directly caused by: "5. (a) Fire, including self-ignition and internal explosion of the conveyance, and lightning; (b) Flood, meaning rising navigable waters; (c) Cyclone and tornado; (d) Perils of the seas, lakes, rivers and/or inland waters while on ferries only; (e) Collision, i.e., accidental collision of the truck or trucks during the period insured with any other automobile, vehicle or object; (f) Overturning of the motor truck; (g) Collapse of bridges." It was specifically provided that the policy did not insure, "6. (b.) Goods carried by the Insured under a contract or agreement of hauling or as bailee for hire," and, "(f) Loss or damage to goods by delay, wet or dampness, or by being spotted, discolored, mouldy, rusted, frosted, rotted, soured, steamed or changed in flavor except the same is the direct result of a peril insured against." Shortly thereafter a rider was attached to the policy reciting: "This policy, subject to all its terms and conditions, is hereby extended to cover the Insured's liability as a carrier for loss or damage to lawful goods and merchandise as described herein, while contained in or on the within described truck or trucks owned and operated by the Insured and while in the custody and control of the Insured temporarily in any building during due course of transfer to other vehicles; but this policy to cover only while such goods are actually in transit, and in no event shall this policy cover any goods after same has ceased to be at the risk of the Insured, covering only within the limits of the United States and Canada. In the event that the Insured's goods and merchandise of others as described herein are loaded on any one vehicle at the same time, the Company's combined liability shall be limited to the amount of insurance applying to such vehicle. All other terms and conditions remain unchanged."

Thereafter the insured received from plaintiff a load of vegetables to be transported for hire from Chicago to Columbus, Ohio. The shipment was not delivered at destination. The truck with the load of vegetables, spoiled and unfit for consumption, was found abandoned near Columbus about a week later. Plaintiff brought suit against the insured to recover its loss. Defendant, denying liability under its policy, refused to defend and judgment was entered in favor of plaintiff and against the insured. Thereafter insured assigned to plaintiff his rights, title and interest in and to his chose in action against defendant under the insurance policy and this action was instituted, judgment for plaintiff being entered on the pleadings.

Plaintiff contends that by the rider the policy was "extended to cover the insured's liability as a carrier for loss or damage to lawful goods and merchandise." Defendant insists that the rider merely extended the policy to cover loss or damage to goods from the hazards specified in the policy while being transported by insured for hire. The rule that insurance policies, having been prepared by the insurer, are construed liberally in favor of the insured, is merely the general rule of construction applied to contracts prepared by one of the parties. The principles applicable to the interpretation and construction of insurance policies do not differ from those governing other contracts. *Old Colony Life Ins. Co. v. Hickman,* 315 Ill. 304. The policy and rider must be construed together and, whenever possible, effect must be given to every word, term and condition in each. The primary purpose of the construction is to give effect to the intention of the parties. The original policy was limited as to the goods insured and the hazard insured against. It covered only goods owned by the insured or goods sold by him and in course of delivery. It specifically excluded goods carried by the insured under a contract or agreement of hauling or as bailee for hire. This excluded liability for goods in

the custody or possession of the insured as a carrier and exempted defendant from liability for loss and damage to plaintiff's goods. The extension made by the rider was not unlimited and without condition. The rider commenced: "This policy, subject to all its terms and conditions, is hereby extended to cover the Insured's liability, as a carrier for loss or damage to lawful goods and merchandise as described herein, while contained in or on the within described truck or trucks owned and operated by the Insured" etc., and concludes, "All other terms and conditions remain unchanged." Nowhere in the rider is any term or provision enlarging or extending the hazards insured against. Therefore the policy must be construed as extended only as to the goods covered by the policy and not as to the risks or hazards insured against. The damage resulting to the vegetables from the abandonment of the truck by insured's employee did not result from any of the hazards covered by the policy.

Plaintiff attaches much importance to the fact that defendant by its answer admitted that "the goods were spoiled and in a condition unfit for consumption," and denies that spoilage of the vegetables is within the provisions of 6 (f), which exempted from liability loss or damage to goods by delay or by being rotted, etc., claiming that "spoiled" and "rotted" are not synonyms. In taking this position counsel is indulging in the lawyer's favorite pastime of quibbling over the meaning of words. Every person has known from early childhood that rotting, to the extent of rendering them unfit for consumption, is a natural consequence of exposing packed vegetables to the elements in midsummer in this climate for a week or more. Such vegetables are spoiled.

The judgment is reversed.

*Reversed.*

O'CONNOR, P.J., and FEINBERG, J., concur.