**MERCANTILE REALTY & INV. CO. v. S. S. KRESGE CO.**

No. 10106.

United States Court of Appeals, Seventh Circuit.

Oct. 5, 1950.

Rehearing Denied Nov. 4, 1950.

Burke G. Slaymaker, Theodore L. Locke, Indianapolis, Ind., and Slaymaker, Locke & Reynolds, Indianapolis, Ind., of counsel, for appellant.

Alan W. Boyd, Robert S. Ashby, Indianapolis, Ind., and Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., of counsel, for appellee.

Before KERNER, DUFFY, and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

This appeal presents the question whether, under the terms of the written lease involved, certain taxes on the real estate demised thereby were the obligation of the lessor or the lessee. Upon the refusal of the latter to pay the taxes the lessor paid the amounts due and then commenced an action to recover. The court rendered summary judgment for the plaintiff on its mo-

tion therefor, and from that judgment this appeal is prosecuted.

The lease in question was entered into on November 16, 1920, for a term of 25 years beginning November 1, 1922 and ending October 31, 1947. At the time the lease was executed the premises were covered by a lease expiring October 31, 1922.

Article IV of the lease, the construction of which gives rise to the present controversy, provided for the payment by the lessee of "all taxes * * * which * * * may, after the beginning of this lease be taxed, charged, assessed, levied or imposed upon or against said premises * * *. * * *. The lessee shall pay all taxes payable in 1923 and one-sixth of the taxes payable in 1922."

By its original complaint plaintiff sought to recover one-sixth of the taxes for the year 1946, due and payable in the year 1947 —defendant having paid five-sixths of such taxes and notified plaintiff of its refusal to pay the remaining one-sixth. On December 17, 1948, plaintiff filed a supplemental paragraph of complaint seeking to recover the taxes imposed upon the premises for the year 1947, due and payable in 1948 and which, under Indiana law, became a lien on the property on March 1, 1947, before the expiration of the lease.

Defendant contends that its liability under the terms of the lease was limited to the taxes *payable* for the period of its occupancy. On the other hand, plaintiff contends that the lease required payment of all taxes *assessed* during its term, even though such taxes were not actually payable until after its expiration. Thus, according to defendant's theory, it was liable for exactly 25 years' taxes, apportionable to the exact period of its occupancy; according to plaintiff's theory, defendant was liable for 26 1/6 years' taxes including a portion of those assessed prior to the beginning of the lease but the payment of which was allocable to the first two months of the period, as well as *all* of those assessed during the period of the occupancy.

Plaintiff has admitted, in effect, that a literal construction of its lease is untenable —strictly construed it would require the

· 584

payment by defendant of any taxes assessed at any time "after the beginning of the lease" without regard to the term or termination of its occupancy. Counsel stated on argument that he would not seek to recover taxes assessed after the termination of the lease, and in his brief, that "by a fair construction of the lease provisions the taxes to be paid thereby are those assessed during the term of the lease," and again, "Obviously, the parties did not intend to impose an obligation to pay taxes extending beyond the period of the lease * * *." Thus plaintiff concedes that the provision of the lease relating to the payment of taxes by defendant does not mean what it says.

██ Where uncertainty exists as to the construction of a contract, it is necessary for the court to ascertain the intent of the parties as disclosed by the language employed and the subject matter. Gilmartin v. Princeton Bank & Trust Co., 4 Cir., 80 F.2d 130. See also Sachs v. Ohio National Life Ins. Co., 7 Cir., 148 F.2d 128, 158 A.L.R. 688. An unreasonable construction which would work a result different from that intended should not be adopted. Midwest-Radiant Corporation v. Hentze, 7 Cir., 171 F.2d 635.

With these principles in mind, and after considering the provisions of the lease as a whole, we agree with defendant's contention that it was intended to produce a net income that was certain during the period of the tenancy, regardless of taxes and other necessary expenditures. To provide this, defendant assumed to pay all taxes (except inheritance and income), assessments, levies, insurance, repairs, maintenance and improvements, in addition to the rent required by the lease. As defendant contends, "The entire transaction refutes the construction that the lessors should have such net rental with an added sum of $35,-573.99 for taxes payable for two months and one year after the tenancy terminated."

██ In support of its theory, plaintiff urges that "A covenant to pay *all taxes assessed during the term of a lease* requires

the lessee to pay taxes payable after the expiration of the term if assessed prior to such termination" and cites a number of cases to support this proposition. If the lease employed the language emphasized there would be no uncertainty here, and we would have no occasion to look to any other language or circumstances to ascertain the intent of the parties. But a covenant to pay all taxes "which may, after the beginning of this lease be taxed * * * or imposed" is very different from a covenant to pay all taxes assessed during the term of a lease. And, as plaintiff in effect urges, the situation calls for a fair construction. We are convinced that defendant's construction, that the taxes payable by it should match the period of its tenancy, is much more consistent with reason and equity than plaintiff's theory that they should cover one year and two months more than the term of the lease.

Judgment reversed, and the cause is remanded with directions to dismiss the complaint.