**KLEFSTAD v. AMERICAN CENT. INS. CO. et al.**
**Nos. 10825, 10826.**

United States Court of Appeals, Seventh Circuit.

Oct. 1, 1953.

Marshall S. Howard and Warren P. Landsman, Chicago, Ill., for appellant.

Donald N. Clausen, Herbert W. Hirsh, Norman A. Miller and John P. Gorman, Chicago, Ill., Clausen, Hirsh & Miller, Chicago, Ill., for defendants-appellees.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff, doing business as Klefstad Engineering Company, is engaged in the design and construction of industrial buildings. On or about February 9, 1949, he entered into a contract to construct a one-story brick factory building for Major Foundry Corporation (referred to as the Major company) in

Franklin Park, Illinois, construction of which was commenced in August of that year. On September 28, 1949, each of the three defendant insurance companies issued to the Major company a policy of Builders' Risk insurance, which insured it against loss resulting from fire, tornado and windstorm, during the course of construction and until the building was completed. Plaintiff was not named or referred to as an insured or beneficiary in any of these policies. On March 27, 1950, such policies (sometimes referred to as the original policies) were cancelled at the request of the Major company on the premise that the building was completed, and on the same date the three defendant companies issued to the Major company three regular policies of fire and extended coverage. Again plaintiff was not named as an insured or beneficiary.

On April 8, 1950 (subsequent to the cancellation of the original policies), a wall of the new building collapsed as the result of a windstorm, so it is alleged by the plaintiff. No proof of loss was submitted in the name of plaintiff but such proof was submitted in the name of the Major company on forms prepared by plaintiff. The defendant companies denied liability to the plaintiff. The Major company, the named insured, has never asserted any liability against the defendant companies, either in the form of a claim or suit.

Plaintiff commenced the present action upon the three original policies but, upon discovery during the progress of the litigation that they had been cancelled, amended his complaint so as to include the regular policies of fire and extended insurance issued on the date of the cancellation of the original policies. It is interesting and perhaps pertinent to note that none of the policies in suit are before this court and, so far as we are able to discern from the record, they were not before the district court. Defendants filed an answer to the complaint, both in its original and amended form, and a reply was filed thereto by the plaintiff. There were submitted the depositions of Klefstad, the plaintiff, Hoffman, president of the Major company, and Mayer, the insurance broker through whom the Major company procured the policies of insurance.

The district court, on motion of the defendants, entered a summary judgment in their favor, and it is from this judgment the appeal comes to this court. Plaintiff seeks a reversal on the ground that there were material issues of fact in dispute which entitled him to a jury trial as demanded and hence the summary judgment was improper. On the other hand, defendants invoke numerous legal principles which it is contended entitle them to a judgment as a matter of law.

■ Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, "the moving party is entitled to a judgment as a matter of law" where there is "no genuine issue as to any material fact". We find no occasion to burden this opinion with a discussion or a citation of the numerous cases relied upon by plaintiff interpreting this rule. Neither do we need to set forth or discuss the numerous legal grounds upon which defendants rely in support of the judgment. This is so for the reason that plaintiff, irrespective of all other considerations, is not, in our judgment, entitled to maintain the instant suit because he was not named as an insured and, so far as we are aware, the contracts contain nothing which indicates they were made for his benefit or protection. In fact, he was a total stranger to the insurance policies issued by the defendant companies to the Major company, in which the latter was the sole insured or beneficiary. Reference to a few of the numerous Illinois cases leaves no room for doubt but that such is the rule and that this is an appropriate case for its application.

A leading case relative to the right of a third party to sue upon a contract in which such party was not named and was not shown by the contract to be a beneficiary is Carson Pirie Scott & Co. v. Parrett, 346 Ill. 252, 178 N.E. 498, 81

A.L.R. 1262. The court stated in 34 Ill. at page 258, 178 N.E. at page 501:

"The rule is, that the right of a third party benefited by a contract to sue thereon rests upon the liability of the promisor, and this liability must affirmatively appear from the language of the instrument when properly interpreted and construed. The liability so appearing cannot be extended or enlarged on the ground, alone, that the situation and circumstances of the parties justify or demand further or other liability."

In Green v. Ashland Sixty-Third State Bank, 346 Ill. 174, at page 182, 178 N.E. 468, at page 472, the court announced the same rule and in connection therewith stated:

"If a written contract purports on its face to be a complete expression of the whole agreement, it is to be presumed that the parties introduced into it every material item and term, and in construing it the court will not add thereto another term about which the agreement is silent. * * * The object of construction is to ascertain the intention which the parties have expressed in the language of the contract, and where there is no ambiguity in the terms used the instrument itself is the only criterion of the intention of the parties."

The Illinois rule as to the right of a third party beneficiary to maintain a suit has been followed by this court. Tilney v. City of Chicago, Ill., 134 F.2d 682, 683; Sachs v. Ohio Nat. Life Ins. Co., 148 F. 2d 128, 130, 158 A.L.R. 688. True, the cases above quoted from were contracts other than insurance policies but the same rule applies with reference to the latter. Cf. Berner Co. v. National Fire Ins. Co. of Hartford, 331 Ill.App. 102, 103, 72 N.E.2d 727; Dempsey v. National Life & Accident Ins. Co., 338 Ill.App. 109, 113, 86 N.E.2d 871.

■ Plaintiff attempts to escape the deadly effect of the rule stated by contending in one form or another that the defendants from the type of policies issued to the Major company had knowledge that the building was to be constructed by a contractor (plaintiff), that the policies were issued for his benefit, and that it was the custom of the trade that insurance protecting the contractor be in effect before construction is commenced. And it is argued that plaintiff was entitled to a jury trial on such issues, with the right to offer parol testimony. This contention is made in spite of the fact that the policies on their face insured no one against loss other than the Major company. As already noted, the policies are not before us, and in their absence we must assume that there was no ambiguity or uncertainty relative to their terms and conditions. In fact, plaintiff makes no contention that such was not the case. Such being the situation, the intention of the parties must be determined from the language of the policies and there is no basis for their construction so as to make plaintiff an insured or beneficiary, and this irrespective of any custom or thought possessed by plaintiff that he was covered. No case is cited and we doubt if there is any which supports plaintiff's untenable theory. The introduction of parol testimony would, if the plaintiff succeeded, result in an alteration or enlargement of the concededly plain and unambiguous terms of the contracts. This the law will not permit.

What we have said is sufficient to require an affirmance of the judgment. However, in fairness to the plaintiff, we perhaps should make mention of some further factual issues which it is claimed presented questions for the jury. For instance, it is asserted that there was no effective cancellation of the original policies and that this presented an issue of fact. We assume, without deciding, that if plaintiff had been covered by the policies, there could have been no effective cancellation without his consent; however, our holding that he was not covered makes that an immaterial issue.

Under the situation presented, it was no concern of his when the policies were cancelled.

Another issue relied upon by plaintiff arises from an alleged promise by the Major company that insurance would be procured protecting him during the course of construction, and its assurance that such insurance was in existence. There is no showing, however, and no contention that the defendant companies had knowledge of such a promise by the Major company, and it is not discernible how they could be bound thereby. Such an issue, if resolved in favor of the plaintiff, could not be of aid to him in the instant case and is, therefore, an immaterial issue.

As noted heretofore, other legal theories advanced by defendants in support of the judgment need not be considered. Our conclusion that plaintiff was not an insured under the terms of the policies and that they were not issued for his benefit makes any further consideration of the case unnecessary.

The judgment is

Affirmed.